**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDSAY PHILLIPS, INC. d/b/a SWITCHFLOPS BY LINDSAY PHILLIPS and f/k/a LULU DESIGN, INC., | : : : : | **OPINION** |
| Plaintiff, | : : | Civ. No. 09-1644 (WHW) |
| v. | : : | |
| GLOBAL PRODUCT DEVELOPMENT SERVICES, LLC, MAGGIEZ, LLC, THE WOLF COMPANY SOUTHEAST, LLC a/k/a WOLF & CO., STEPHANIE WOLF, WALTER WOLF, LES HUGHBANKS, and KRIS ARUTUNIAN, | : : : : : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

Plaintiff Lindsay Phillips, Inc. d/b/a SwitchFlops by Lindsay Phillips and f/k/a LuLu Design, Inc. ("Plaintiff" or "Switchflops, Inc.") filed this action arising from the marketing of a product known as "Switchflops" in New Jersey Superior Court against defendants Global Product Development Services, LLC ("GPDS"), Maggiez, LLC ("Maggiez"), The Wolf Company Southeast, LLC, a/k/a Wolf & Co. ("Wolf Co."), Stephanie Wolf, Walter Wolf, Les Hughbanks, and Kris Arutunian. Defendants GPDS, Wolf Co., Stephanie and Walter Wolf timely removed the case to this Court.

Switchflops, Inc. now moves to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) on the ground that there is no diversity between plaintiff and

NOT FOR PUBLICATION

defendants.  Pursuant to Fed. R. Civ. P. 78(b), this motion is decided without oral argument.  The

Court grants the motion to remand.

**FACTS AND PROCEDURAL BACKGROUND**

On March 23, 2009, plaintiff Switchflops, Inc. brought suit in the Superior Court of New

Jersey alleging (1) breach of fiduciary duty against GPDS, Stephanie Wolf, Walter Wolf, Mr.

Hughbanks, and Ms. Arutunian; (2) breach of the covenant of good faith and fair dealing against

GPDS; (3) trade libel and product disparagement against all defendants; and (4) tortious

interference with business relations against all defendants.  (Pl.'s Compl. ¶¶ 74-109.)  Plaintiff

Switchflops, Inc. is a Florida corporation with a principal place of business in the state of New

Jersey.  (Id. ¶ 2.)  The company creates, designs, manufactures and distributes a type of sandals

known as "Switchflops."  (Id. ¶ 1.)  Plaintiff alleges that GPDS, while under two separate

contracts with Switchflops, Inc. to provide manufacturing, sales and marketing services, began

manufacturing, selling and marketing a product known as "Maggiez," a substantially similar

product as Switchflops.  (Id.)

Defendant GPDS is a Georgia limited liability company with a principal place of

business in the state of Georgia.  (Id. ¶ 3.)  Defendant Maggiez is a Florida limited liability

company, (id. ¶ 4), whose sole managing member, Joel Rabin, is a Florida citizen and resident.

(Maggiez's Mem. in Supp. of Mot. to Dismiss, 2-3.)  Defendant Wolf Co. is a Georgia limited

liability company with a principal place of business in the state of Georgia.  (Pl.'s Compl. ¶ 5.)

Defendant Stephanie Wolf, an owner of Wolf Co. and the Managing Partner and an owner of

GPDS, is an individual domiciled in the state of Georgia.  (Id. ¶ 6.)  Defendant Walter Wolf, an

2

NOT FOR PUBLICATION

owner of GPDS and Wolf Co., is and individual domiciled in the state of Georgia.  (Id. ¶ 7.)

Defendant Les Hughbanks, an owner of GPDS, is an individual domiciled in the state of Florida.

(Id. ¶ 8.)  Defendant Kris Arutunian, an owner of GPDS, is an individual domiciled in the state of

Tennessee.  (Id. ¶ 9.)

On April 8, 2009, defendants GPDS, Wolf Co, Stephanie Wolf, and Walter Wolf

removed this suit to this Court on the ground that defendants Maggiez, Hughbanks, and

Arutunian[1] have been improperly and fraudulently joined in an effort to defeat diversity

jurisdiction.  (Defs.' Notice of Removal ¶¶ 14-16.)

On April 29, 2009, defendants GPDS, Wolf Co., Stephanie Wolf, Walter Wolf,

Hughbanks, and Arutunian moved to dismiss this suit for lack of personal jurisdiction and failure

to state a claim upon which relief may be granted.  (Defs.' Mot. to Dismiss, 3-18.)  Defendant

Maggiez also moved to dismiss on the same grounds on May 5, 2009.  (Maggiez's Mot. to

Dismiss.)

Plaintiff Switchflops, Inc. now moves to remand this action back to the Superior Court of

New Jersey, pursuant to 28 U.S.C. § 1447(c) on the ground that there is no diversity between

plaintiff and defendants.  (Pl.'s Br. at 1.)  Plaintiff argues that defendants improperly removed

this action from state court in violation of the requirements of 28 U.S.C. § 1332 and requests an

award of all attorney's fees, costs, and expenses incurred by it as a result of defendants' improper

removal.  (Id.)

---

[1] The Court will not address the propriety of Arutunian's joinder because as a Tennessee
citizen, her presence in this suit does not destroy diversity.

3

NOT FOR PUBLICATION

## STANDARD OF REVIEW

28 U.S.C. § 1447(c) mandates that "if at any time before final judgment it appears that a case is removed [from state court] improvidently and without jurisdiction, the district court shall remand the case." Id.; see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing Adorno Enter. v. Federated Dep't Stores, 629 F. Supp. 1565 (D.R.I. 1986)). "The removal statutes," [28 U.S.C. §§ 1441-53], "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley, 809 F.2d at 1010); see also Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 604 (D.N.J. 2001). A party seeking to remove bears the burden of proving that it has met the requirements for removal. See Boyer, 913 F.2d at 111. In deciding whether an action should be remanded to the state court from which it was removed, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. See Steel Valley, 809 F.2d at 1010 (citation omitted).

## DISCUSSION

**1.      Motion to Remand**

District courts have original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000.[2] See 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." Id. § 1332(c)(1). Because Switchflops, Inc. is a corporation organized under the laws of the state of Florida and its

---

[2] The parties do not dispute that the amount in controversy requirement has been met.

NOT FOR PUBLICATION

principal place of business is in the state of New Jersey, plaintiff is a citizen of both Florida and

New Jersey.  In contrast, "[l]imited liability companies are . . . deemed to be citizens of each state

in which their members are citizens, not the states in which they were formed or have their

principal place of business." Golf Bros., LLC v. Saker, No. 09-2133, 2009 U.S. Dist. LEXIS

48745, at *2 (D.N.J. June 10, 2009) (citing Carden v. Arkoma Assocs, 494 U.S. 185, 195-97, 110

S. Ct. 1015 (1990)).  Because Joel Rabin, the sole managing member of Maggiez, is a Florida

citizen and resident, defendant Maggiez is deemed to be a citizen of Florida.  Defendant

Hughbanks is also a citizen of Florida.  (Pl.'s Compl. ¶ 8.)  Because plaintiff and defendants

Maggiez and Hughbanks are citizens of Florida, there is no complete diversity between the parties

and removal was ostensibly improper.

       In resisting remand, defendants argue that Maggiez and Hughbanks have been improperly

and fraudulently joined in this matter in an effort to defeat diversity jurisdiction.  (Defs.' Notice

of Removal ¶ 16.)  "Because a party who urges jurisdiction on a federal court bears the burden of

proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently

joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer, 913

F.2d at 111 (citing Steel Valley, 809 F.2d at 1010, 1012 n.6).  Joinder is fraudulent only "where

there is no reasonable basis in fact or colorable ground supporting the claim against the joined

defendant[s], or no real intention in good faith to prosecute the action against the defendant[s] or

seek a joint judgment." Id. (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 32

(3d Cir. 1985)).

NOT FOR PUBLICATION

As example, in Ingemi v. Pelino & Lentz, defendants removed a legal malpractice case to

this District, claiming that one of the defendants, a law firm that represented plaintiffs, was

fraudulently joined and that its citizenship should be disregarded in determining diversity and

removal jurisdiction.  See 866 F. Supp 156, 158-59 (D.N.J. 1994).  In that case, the court held

that it "may not make substantive determinations regarding the . . . defendants' [sic] liability in

the context of evaluating pleadings to determine subject matter jurisdiction."  Id. at 160.  Rather,

its "jurisdictional inquiry concerning remand is limited and should not be a de facto decision on

the merits of plaintiff's claim when plaintiff presents a viable claim."  Id. (citing Batoff v. State

Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992)).  Because the facts of the case suggested that

defendant Pelino & Lentz actively represented the plaintiff, the court held that "at least for the

purpose of remand, [Pelino & Lentz was] a proper defendant."  See id. at 160.  In addition, the

court noted that because defendants had not produced actual evidence that plaintiff improperly

joined Pelino & Lentz, their argument regarding fraudulent joinder was "ill-defined and . . .

fail[ed]."  See id. at 161.  The court granted plaintiff's motion to remand the case to the Superior

Court of New Jersey.  See id. at 163.

Similarly, defendants here argue that Hughbanks and Maggiez, Florida citizens, are

dispensable for the purposes of considering diversity of citizenship because they were

fraudulently joined.  (Defs.' Notice of Removal ¶¶ 14, 16.)  As in Ingemi, "if there is even a

possibility that a state court would find that [Switchflops, Inc.'s] complaint states a cause of

action against . . . [either of the non-diverse] defendants, the federal court must find that joinder

was proper and remand the case to state court."  See Ingemi, 866 F. Supp. at 160 (quoting Boyer,

NOT FOR PUBLICATION

913 F.2d at 111).  Based on Switchflops, Inc.'s allegations, it is possible that a state court would

find that plaintiff's complaint states a cause of action against defendants Maggiez, Hughbanks, or

both.  First, the complaint alleges that Hughbanks, as one of GPDS's owners, breached his

fiduciary duty to Switchflops, Inc. by using confidential and proprietary information to plan and

then actually develop, manufacture, market, and sell a directly competitive product.  (Pl.'s

Compl. ¶¶ 76-86.)  The complaint also alleges that both Hughbanks and Maggiez made false and

disparaging statements about Switchflops, Inc. and its products, which caused irreparable harm to

the plaintiff's business.  (Id. ¶¶ 97,100.)  Furthermore, it alleges that both Hughbanks and

Maggiez maliciously sought to induce Switchflops, Inc.'s customers and retailers to cease doing

business with plaintiff and to instead do business with Maggiez.  (Id. ¶¶ 105-06.)  These

allegations indicate that Maggiez and Hughbanks are proper defendants for purposes of remand.

Moreover, defendants have not put forth any evidence that Switchflops, Inc. improperly joined

Hughbanks or Maggiez – saying so does not make it so.  Because it is possible for a state court to

find that Switchflops, Inc.'s complaint states a cause of action against either Hughbanks or

Maggiez, the Court finds that their joinder was proper and that the removal was improper.

    **2.**    **Costs and Attorney Fees**

    Plaintiff also requests that this Court exercise its discretion under 28 U.S.C. § 1447(c) to

award Switchflops, Inc. its attorney's fees and costs relating to this motion to remand.  (Pls.' Br.,

19-20.)

    28 U.S.C.S. § 1447(c) provides that a district court's order remanding a removed case to

state court may require payments of just costs and any actual expenses, including attorney fees,

NOT FOR PUBLICATION

incurred as a result of the removal.  Id. (emphasis added).  "The standard for awarding fees should turn on the reasonableness of the removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 204 (2005).  "[A]bsent unusual circumstances, courts may award attorney's fees . . . only when the removing party lacked an objectively reasonable basis for seeking removal."  Id.  In Martin, the Supreme Court affirmed the Tenth Circuit's finding that defendant's basis for removal was objectively reasonable since the defendant, in removing the case based on diversity jurisdiction, relied on case law only subsequently held to be unsound. See id. at 135, 141.  The Court thus affirmed the Circuit's denial of attorney fees.  See id.  In contrast, "[a] district court will generally exercise its discretion to impose such costs where a well-plead complaint raises the issue of non-removability."  Ingemi, 866 F. Supp. at 163 (citing Bearoff v. DeMedio, 1994 U.S. Dist. LEXIS 4046, *7 (E.D. Pa. April 6, 1994)).  In Ingemi, the court awarded plaintiff costs and reasonable attorney fees relating to the motion to remand because it was "clear from the face of the complaint that plaintiff asserted a claim against non-diverse defendants" and "[a]ny attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction."   Ingemi, 866 F. Supp. at 163.

Here, plaintiff's complaint raised the issue of non-removability by demonstrating that there was a lack of complete diversity, as required by 28 U.S.C. § 1332.  Defendants' notice of removal and opposition to remand did nothing to undermine the non-removability of this action. The Court awards costs and reasonable attorney fees relating to the motion to remand.  Plaintiff shall submit an affidavit establishing its attorney's fees and costs in accordance with Local Civil Rule 54.2.

**NOT FOR PUBLICATION**

**CONCLUSION**

For the foregoing reasons, the Court grants the motion to remand this case to the Superior Court of New Jersey and awards Switchflops, Inc. costs and reasonable attorney fees relating to the motion for remand.


**s/William H. Walls**
United States Senior District Judge

**NOT FOR PUBLICATION**

**Appearances:**

Robert W. Ray, Esq.
Pryor Cashman LLP
410 Park Avenue
New York, NY 10022
             -and-
Stewart M. Leviss, Esq.
Berkowitz Lichtstein, Kuritsky, Giasullo & Gross, LLC
443 Northfield Avenue
West Orange, NJ 07052
             Attorneys for Plaintiff Lindsay Phillips, Inc. d/b/a SwitchFlops by Lindsay
             Phillips and f/k/a LuLu Design, Inc.


Gregg D. Trautmann, Esq.
Trautmann & Associates, LLC
262 East Main Street
Rocakway, NJ 07866
             Attorney for Defendants Global Product Development Services, LLC, The Wolf
             Company Southeast, LLC a/k/a Wolf & Co., Stephanie Wolf, Walter Wolf, Les
             Hughbanks, Kris Arutunian
                          -and-
Christopher J. Dalton, Esq.
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, NJ 07102
             Attorney for Defendant Maggiez, LLC

10